IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | |
|---|---|
| JOHN FANUZZI,<br><br>               Plaintiff,<br><br>   vs.<br><br>BANK OF THE ROCKIES N.A.,<br>JOEL E. GUTHALS, MICHAEL<br>E. GROVE,<br><br>             Defendants. | CV 11-63-BLG-CSO<br><br><br>**ORDER DISMISSING CASE** |

Plaintiff John Fanuzzi filed this *pro se* action against the above-named Defendants on June 8, 2011. His Complaint is lengthy – 83 pages. In addition, he attached his 12-page affidavit to the Complaint. The Defendants have answered the Complaint. Now pending before the Court are the following motions:

    (1) Defendants' Motion for Judgment on the Pleadings (*Court Doc. 15*);

    (2) Defendants' Motion to Dismiss for Lack of Jurisdiction (*Court Doc. 24*);

(3) Defendant Bank of the Rockies' Motion to Compel Plaintiff to Allow Entry to and Inspection of Real Property, Expedite Entry and Inspection, Writ of Assistance (*Court Doc. 30*); and

(4) Plaintiff's Motion for Voluntary Dismissal of Complaint (*Court Doc. 32*).

## I.   <u>Background</u>

Fanuzzi's Complaint is titled: "R.I.C.O.  Fraud, Bank Fraud. Conspiracy/Obstruction of Justice.  Tax Fraud, Money Laundering, Wire Fraud, Perjury, U.S. Patriot Act Title III."  *Court Doc. 1 at 1.* Although Fanuzzi names no federal or state officials as defendants, Fanuzzi alleges that the action "involves constitutional charges, grounds ... and challenges the constitutional violations of state and federal law, procedure and *practice* (emphasis in original) by state and federal officials and officers of the court."  *Id. at 1.*  His Complaint then continues with a recitation of matters apparently copied from Internet sites and quoted from other cases.  There are few references to the named Defendants.

The Complaint is disjointed and difficult to understand.  It does not conform with Fed. R. Civ. P. 8(a)(2), which requires that a claim for relief contain "a short and plain statement of the claim showing that

the pleader is entitled to relief." It attempts to state five "grounds:"

(1) Ground 1 is identified as "patriot act domestic terrorist," fraud/bank fraud, and procedural due process. *Id. at 2.* But what then follows is not a statement about the claims against the Defendants but rather 64 pages of single-spaced quotations from various cases and Internet sites. *Id. at 2-67.*

(2) Ground 2 is identified as a R.I.C.O. claim. Although this "ground" does include some conclusory statements about Defendants,[1] it does not contain any detailed allegations about what each Defendant did to allegedly give rise to a R.I.C.O. claim. Like "ground" 1, it includes many pages of quotations from other cases. *Id. at 67-70.*

(3) Ground 3 is identified as "Bank Fraud, Mortgage Fraud in State Court Proceedings" but contains no allegations against the Defendants, only quotes from other cases or sources. *Id. at 70-74.*

(4) Ground 4 is identified as "Due Process Violations." *Id. at 74.* It is entirely quotations from other cases, except for a conclusory paragraph that contains no explanation of Defendants' alleged actions. *Id. at 78.*

(5) Ground 5 is identified as "Jurisdiction in State Court Violations." *Id. at 79.* Curiously for a plaintiff, it challenges the jurisdiction of the Court. It states that this Court is "being jurisdictionally challenged and full disclosure of the true jurisdiction of this Court is now being demanded...." *Id. at 79-80.*

---

[1]For example, this "ground" begins: "Defendant(s) have by their acts/actions, past behavior(s) Racketeering in State Court Proceedings including the State in this case as well including Judges an (sic) their bar friends collection attorneys."

It makes no reference to the Defendants' conduct.[2]

Fanuzzi's attached 12-page affidavit sheds some light on his allegations. *See Court Doc. 1-2.* In the affidavit, he states that he started a company in 1982 called Golden Ratio Woodworks, Inc. In 1997, his company obtained a building loan from The Bank of the Rockies. Fanuzzi dealt with the Bank's president, Mike Grove, in obtaining this loan. *Id. at 2-3.*

In 2006, the Bank turned down Fanuzzi's request for a $500,000 operating loan, which Fanuzzi contends the Bank had promised to extend. *Id. at 4.* In 2007, Fanuzzi met with Michael Strang, the Bank's Senior Commercial Loan Officer. According to Fanuzzi, Strang misrepresented some papers to be signed and, as a result, the Bank was able to foreclose on collateral and put Golden Ratio Woodworks, Inc, out of business. Fanuzzi alleges that the Bank intentionally concealed and withheld material facts, and used undue influence and duress to get him to sign the papers. *Id. at 6-8.* Fanuzzi seeks

---

[2]The Complaint concludes with a lengthy paragraph captioned "Example Case Summary of Damages." *Id. at 81-82.* Because it does not mention a Defendant by name, it is difficult to determine if this is an "example" from another case or a claim for damages in this case.

$30,000,000 in damages.  *Id. at 10.*

Defendant Guthals generally denies the allegations of the Complaint, admitting only that the Bank did foreclose on the property owned by Golden Ratio Woodworks, Inc.  *Court Doc. 7 at 1-6.*  Guthals also raises several affirmative defenses, including lack of subject matter jurisdiction, Plaintiff's lack of capacity to pursue the damages sought, and failure to state a claim.  Defendant Grove filed a similar answer.  *Court Doc. 10.*

In addition to filing an answer similar to the answers of Guthals and Groves, Defendant Bank of the Rockies, N.A., filed a counterclaim. The counterclaim alleges two counts: (1) unlawful detainer and trespass; and (2) money owed under overdraft protection agreements for NSF checks.  *Court Doc. 11 at 9-15.*  The Bank seeks a variety of remedies, including restitution and possession of property, lost rents and profits, damages for wrongful occupancy, punitive damages, injunctive relief, an order permitting entry and inspection of property, costs, disbursements and attorneys fees.  *Id. at 16-17.*

Fanuzzi filed an "Answer to All Defendant(s) Answers" and an

answer to the counterclaim but, similar to the Complaint, it is 31 single-spaced pages of materials taken from other cases or from the Internet.  *See Court Doc. 13.*

On September 26, 2011, Fanuzzi filed a document styled "Ex Parte Motion for Voluntary Dismissal of Complaint."  *Court Doc. 32.*  In it, he states that he "filed for bankruptcy on September 22nd...."  *Id. at 1.*

## II.   Defendants' Motion to Dismiss for Lack of Jurisdiction

Before a federal court may hear an action, it must be satisfied that it has subject matter jurisdiction.  The Court can take no action absent jurisdiction.  *See FW/PBS, Inc. v. City of Dallas,* 493 U.S. 215, 231 (1990); *United Investors Life Ins. Co. v. Waddell & Reed Inc.,* 360 F.3d 960, 966-67 (9th Cir. 2004).  The United States Supreme Court has described the parameters of federal court jurisdiction as follows:

> Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree.  It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.

Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).

-6-

Accordingly, the Court first will address Defendants' Motion to Dismiss for Lack of Jurisdiction. The Court may do so even though Fanuzzi has filed for bankruptcy protection because the automatic stay (11 U.S.C. § 362(a)) does not prevent a plaintiff/debtor from continuing to prosecute his own claims. *See In re Palmdale Hills Property, LLC,* 654 F.3d 868, 875 (9th Cir. 2011).

Although given extra time to do so, Fanuzzi has not responded to this jurisdictional motion. Fanuzzi's failure to file a substantive response may be deemed an admission that the motion is well-taken. *See Local Rule 7.1(d)(1)(B).*

"Where a defendant in its motion to dismiss under [Rule 12(b)(1)] asserts[, as here,] that the allegations in the complaint are insufficient to establish subject matter jurisdiction as a matter of law (to be distinguished from a claim that the allegations on which jurisdiction depends are not true as a matter of fact), [the Court] take[s] the allegations in the plaintiff's complaint as true." *Whisnant v. United States*, 400 F.3d 1177, 1179 (9th Cir. 2005) (citing *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004)); *see also Savage v. Glendale Union*

-7-

*High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003) (explaining that "attacks on jurisdiction can be either facial, confining the inquiry to allegations in the complaint, or factual, permitting the court to look beyond the complaint."). A court's review must focus on the allegations of the complaint, and construe the allegations in the light most favorable to the plaintiffs. *Love v. United States*, 915 F.3d 1242, 1245 (9th Cir. 1989).

Defendants correctly argue that it is a plaintiff's duty to plead sufficient facts to establish federal court jurisdiction. *Hertz Corp. v. Friend,* 130 S. Ct. 1181, 1194-95 (2010). Although *pro se* pleadings are held to a less stringent standard than those prepared by attorneys, *pro se* parties are not relieved of the obligation to allege sufficient facts to support a proper legal claim. *Brazil v. U.S. Dept. of Navy*, 66 F.3d 193, 199 (9th Cir. 1995). A *pro se* litigant is not excused from knowing the most basic pleading requirements. *American Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1107-08 (9th Cir. 2000).

Two possible bases for jurisdiction must be considered here: diversity jurisdiction and federal question jurisdiction. Fanuzzi does

not allege that the Court has diversity jurisdiction, and the Court concludes that it does not.  Fanuzzi states that he is a resident of Montana (*Court Doc. 1 at 2*), and at least one of the Defendants is also a citizen and resident of Montana.  *See Court Doc. 25 at 5-6.* Defendants' brief carefully explains why they conclude that there clearly is no diversity jurisdiction.  *Id.*

Fanuzzi does contend that the Court has subject matter jurisdiction under seven Constitutional provisions and at least seven statutory provisions.  *Court Doc. 1 at 1-2.*  Whether federal question jurisdiction exists is governed by the "well-pleaded complaint" rule which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475 (1998).  Fanuzzi's Complaint fails this test for several reasons, set forth below.

First, Fanuzzi's Complaint itself sheds little light on what claims he is making against each of the named Defendants or what facts might support any such claims.  Although Defendants clearly detailed these

deficiencies in their brief (*Court Doc. 25 at 7-22*), Fanuzzi responded only by filing his own "Ex Parte Motion For Voluntary Dismissal of Complaint." (*Court Doc. 32*).

Although Fanuzzi's affidavit does provide some information about the basic events that give rise to this action, Fanuzzi must have standing to raise the claims that are suggested in his affidavit. *FW/PBS, Inc. v. City of Dallas*, 493 U.S. at 230-31. All of Fanuzzi's contentions in his affidavit appear to arise in connection with the Defendants' loan transactions with Fanuzzi's business. As Defendants argue in their brief in support of their motion for judgment on the pleadings (to which Fanuzzi did not respond), Fanuzzi has no standing to raise such issues. *See Court Doc. 16 at 11-12.* It is a general precept of corporate law that a shareholder of a corporation does not have an individual right of action for damages based solely on an injury to the corporation. *See Gaff v. Federal Deposit Ins. Corp.,* 814 F.2d 311, 315 (6th Cir. 1987); *Sherman v. British Leyland Motors, Ltd.,* 601 F.2d 429, 439-40 (9th Cir. 1979). And, although there are circumstances where a corporate shareholder may sue to recover for a RICO violation, Fanuzzi

has not attempted to make the required fact-specific showing.  *See Maiz v. Virani,* 253 F.3d 641, 654-55 (11th Cir. 2001); *Sparling v. Hoffman Constr. Co.,* 864 F.2d 635, 640-41 (9th Cir. 1988).  Again, Fanuzzi did not respond to Defendants' jurisdictional challenges other than by filing his own motion to dismiss this case.

A plaintiff properly invokes § 1331 federal question jurisdiction when he pleads a colorable claim "arising under" the Constitution or laws of the United States.  *Bell v. Hood*, 327 U.S. 678, 681-85 (1946).  "[F]ederal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  *California ex rel. Sacramento Metro. Air Quality Management Dist. v. United States*, 215 F.3d 1005, 1014 (9th Cir. 2000) (citation omitted).

Here, Fanuzzi has not presented a colorable claim arising under the Constitution or laws of the United States.  Fanuzzi's asserted bases for invoking the Court's subject matter jurisdiction are not supported by the allegations in the Complaint.  Simply providing a long list of federal statutes and constitutional provisions, without a coherent statement of how those provisions were violated or who exactly violated

them, is not sufficient for this Court to presume it has jurisdiction.

Merely making reference to a federal statute or to the Constitution,

without more, is insufficient to demonstrate a colorable claim "arising

under" the Constitution.  *See Arbaugh v. Y & H Corporation*, 546 U.S.

500, 513-14 (2006).

Accordingly, for the reasons set forth above, the Court will grant

the Defendants' motion to dismiss for lack of subject matter

jurisdiction.  Although the Court has the discretion to allow a plaintiff

to amend his Complaint to address the jurisdictional concerns, the

Court finds no reason to do so where Fanuzzi has not opposed the

Defendants' motion and has himself moved the Court to dismiss his

case.

## III. **Defendant Bank of the Rockies' Motion to Compel Plaintiff to Allow Entry to and Inspection of Real Property, Expedite Entry and Inspection, Writ of Assistance**

The Court next will address the Defendant Bank's motion to

compel, allow inspection of the property, and writ of assistance.  *See*

*Court Doc. 30.*  Before proceeding to discuss the substance of this

motion, the Court must be satisfied that there is a claim pending over

-12-

which the Court has jurisdiction.  Having concluded that Fanuzzi's
Complaint must be dismissed for lack of jurisdiction, the Court must
consider whether it has jurisdiction over the Bank's counterclaim.

As to the basis for the Court's jurisdiction, the Bank states: "If
this Court has jurisdiction over Fanuzzi's Complaint filed herein, which
Bank denies, this Court has pendent jurisdiction over this
Counterclaim under 28 U.S.C. § 1367 ...." *Court Doc. 11 at 8.*   Thus,
the Bank acknowledges that jurisdiction over its counterclaim is
dependent on a finding of jurisdiction over Fanuzzi's Complaint.

It is generally agreed that if a court determines that there is no
basis for federal jurisdiction over plaintiff's original claim, then it
cannot proceed to adjudicate a compulsory counterclaim that does not
have an independent jurisdictional basis. *Wright & Miller, Federal
Prac. & Pro., § 1414.  See also DHL Corp. v. Loomis Courier Service,
Inc.,* 522 F.2d 982, 985 (9th Cir. 1975).  The Bank does not contend that
there is an independent basis for jurisdiction over its counterclaims,
nor can the Court identify one.  Having no jurisdiction to proceed, the
Court must also dismiss the counterclaim.  In doing so, the Court is

-13-

mindful that its decisions herein do not violate the automatic stay because the decisions do not impact the merits of Fanuzzi's claims or the Bank's counterclaims.  *See Dean V. TransWorld Airlines, Inc.,* 72 F.3d 754, 756 (9th Cir. 1995).

## IV.   Conclusion

Accordingly, the Court HEREBY ORDERS:

(1)  Defendants' Joint Motion to Dismiss Due to Lack of Jurisdiction (*Court Doc. 24*) is **GRANTED.**

(2) Defendant Bank of the Rockies N.A's Motions for Entry and Inspection and for Writ of Assistance (*Court Doc. 30*) is **DENIED** for lack of jurisdiction**.**

(3)  Having concluded that it is without subject matter jurisdiction, this case is **DISMISSED** in its entirety.  All other pending motions are **MOOT.**

DATED this 2nd day of November, 2011.


**/S/ Carolyn S. Ostby**
United States Magistrate Judge